IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 20-00332 JAO-KJM |
| Plaintiff, | ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| INSTITUTIONAL GRIEVANCE OFFICERS, DPS-HI, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **DISMISSAL ORDER**

Before the Court is pro se prisoner Francis Grandinetti's ("Grandinetti") "Federal Complaint" and exhibits. ECF No. 1. Grandinetti alleges no actual claims in the one-page complaint, but seeks a temporary restraining order and preliminary injunction. His exhibits suggest that he contends that prison authorities at the Saguaro Correctional Center, which is located in Eloy, Arizona, have failed to answer several of his grievances. Those grievances include, among other things: (1) that prison authorities have refused to release his medical records to the Hawaii Paroling Authority, regardless of his consent to such release, and he insists on being provided a mental health examination before he will appear before the parole board in August or December 2020; (2) that, regardless of whether his

medical records are released or he is provided a mental health examination, his parole hearing should be held in Hawaiʻi (and he refuses to appear at any parole hearing held in Arizona, especially because of the COVID-19 pandemic); and (3) that he has not received appropriate vision care as he was given a prescription for 20/200 vision even though medical records upon intake show he had 20/400 visual acuity.

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[1] and may not proceed without prepayment of the filing fee unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007). Nothing within the pleadings or its exhibits indicate that Grandinetti is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Id.* at 1056; *see also, e.g., Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) ("[P]oor care for [prisoner's] eyesight . . . may prove detrimental to [prisoner's] health over time, [but it] do[es] not represent 'imminent dangers' which are 'about to occur at any moment or are impending.'" (citation omitted)),

---

[1] *See, e.g., Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. Jan. 14, 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. Aug. 18, 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. Nov. 14, 2005).

*abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S 532, 135 S. Ct. 1759 (2015).  Moreover, Grandinetti's claims regarding mental health examinations or appearing before the parole board in Arizona are properly raised in the United States District Court for the District of Arizona, where Saguaro Correctional Center is located and venue for these claims lie.  *See* 28 U.S.C. § 1391(b).

The Court construes Grandinetti's filing of this action without paying the civil filing fee as an informal request to proceed in forma pauperis.  So construed, the request is DENIED and this action is DISMISSED without prejudice.  This does not prevent Grandinetti from raising his claims in a new action in the District of Arizona with concurrent payment of the civil filing fee.  The Clerk is DIRECTED to terminate this case.  The Court will take no action on documents filed herein beyond processing a notice of appeal.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai'i, August 3, 2020.



Jill A. Otake
United States District Judge

*Grandinetti v. Institutional Grievance Officers, DPS HI, et al.*, Civ. No. 20-00332 JAO-KJM; Dismissal Order