IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INSTITUTIONAL GRIEVANCE OFFICERS, DPS-HI, et al.,<br><br>　　　　　Defendants. | CIVIL NO. 20-00332 JAO-KJM<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |

## **ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

On August 3, 2020, the Court dismissed this action without prejudice to refiling in the proper venue upon payment of the civil filing fees, and the Clerk entered judgment the same day.  ECF Nos. 3, 4; *see* 28 U.S.C. § 1915(g).  Any notice of appeal was due by September 2, 2020.  Fed. R. App. P. 4(a)(1)(A).  The Court received and filed Plaintiff Francis Grandinetti's ("Grandinetti") Motion for Extension of Time to File Notice of Appeal ("Motion") on September 28, 2020.  ECF No. 5.  Grandinetti signed and apparently tendered the Motion to prison authorities for mailing to the Court on or about September 20, 2020.  *Id.* at 1.  The Court accepts this date as the Motion's constructive date of filing.  *See Houston v. Lack*, 487 U.S. 266, 273–76 (1988).

Federal Rule of Appellate Procedure 4(a)(5)(A) states that the Court may extend the time to file a notice of appeal if:  (1) a party so moves no later than 30 days after the 30-day period for filing a notice of appeal has expired; and (2) the party shows excusable neglect or good cause.  To determine whether a party's neglect is excusable, the Court considers:  "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."  *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The Court evaluates the issue of excusable neglect within the context of each particular case.  *See id.* at 859.

While there is no prejudice here to the non-moving parties, who have not been served, and little discernible impact on any judicial proceeding, Grandinetti nonetheless fails to show excusable neglect or good cause.  Although Grandinetti says that he was moved from Arizona to Hawai'i on August 5, 2020, he does not claim the move impaired his ability to timely file a notice of appeal.  Additionally, while Grandinetti states that "HMSF" refused to send his legal mail, he does not allege that he provided a notice of appeal to prison authorities before September 20, 2020.  Plaintiff therefore fails to establish excusable neglect.

Moreover, the Court cannot find that any appeal would be taken in good faith.  Grandinetti has three strikes pursuant to 28 U.S.C. § 1915(g), his pleadings fail to show he was in imminent danger of serious physical injury when he filed the Complaint, and he does not even address this issue in his Motion.  After considering all the *Pioneer* factors, the Court finds that Grandinetti fails to show that an extension of time is warranted under Fed. R. App. P. 4(a)(5)(A).

The Court may otherwise reopen the time to file an appeal for a period of fourteen days after the date an order to reopen is entered if all the conditions of Fed. R. App. P. 4(a)(6) are satisfied.  These conditions include a finding that (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or, within 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, whichever is earlier; and (3) no party would be prejudiced.  *See* Fed. R. App. P. 4(a)(6).

The Court sent Grandinetti copies of the Order dismissing this action and the judgment on August 3, 2020, and they were not returned.  *See* ECF Nos. 3, 4. There is no other indication that Grandinetti failed to receive these documents, nor does he argue this.  Thus, Grandinetti is not entitled to reopening the time to appeal under Fed. R. App. P. 4(a)(6).

Plaintiff does not otherwise demonstrate a basis for relief, and his Motion for Extension of Time to File Notice of Appeal is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, October 2, 2020.



Jill A. Otake
United States District Judge

*Grandinetti v. Inst. Grievance Officers, DPS-HI, et al.*, Civil No. 20-00332 JAO-KJM; ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

4