IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, <br><br> Plaintiff, <br><br> v. <br><br> INSTITUTIONAL GRIEVANCE OFFICERS, DPS-HI, et al., <br><br> Defendants. | CIVIL NO. 20-00332 JAO-KJM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND UNSPECIFIED MOTION |

### ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION

Before the Court is pro se Plaintiff Francis Grandinetti's ("Grandinetti") Motion for Reconsideration of Order Denying FRAP 3 and 4 Relief for Extension or Enlargement of Time ("Motion to Reconsider"), ECF No. 9, and Motion seeking unspecified relief ("Unspecified Motion"), ECF No. 7.  In his Motion to Reconsider, Grandinetti asks the Court to revisit its October 2, 2020 order, ECF No. 6, denying his motion for an extension of time to file a notice of appeal, ECF No. 5.  For the following reasons, the Motion to Reconsider and Motion are DENIED.

## I. <u>BACKGROUND</u>

On August 3, 2020, the Court dismissed this action without prejudice to refiling upon payment of the civil filing fees, and the Clerk entered judgment the same day. ECF Nos. 3, 4; *see* 28 U.S.C. § 1915(g). Any notice of appeal ("NOA") was due by September 2, 2020. Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). The Court received and filed Grandinetti's Motion for Extension of Time to File Notice of Appeal ("Extension Motion") on September 28, 2020. ECF No. 5. Grandinetti had signed and apparently tendered the Extension Motion to prison authorities for mailing to the court on or about September 20, 2020. ECF No. 5. The Court accepted this date as the Extension Motion's constructive date of filing. *See Houston v. Lack*, 487 U.S. 266, 273–76 (1988); ECF No. 6 at 1.

The Court denied the Extension Motion concluding that, although there was no prejudice to the non-moving parties and little discernible impact on any judicial proceeding, Grandinetti failed to show excusable neglect or good cause. ECF No. 6 at 2–3. Moreover, the Court found that any appeal would not be taken in good faith because Grandinetti has three strikes pursuant to 28 U.S.C. § 1915(g), and his pleadings failed to show that he was in imminent danger of serious physical injury when he filed the Complaint. *Id.* at 3. After considering all the *Pioneer*[1] factors,

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

the Court found that Grandinetti failed to show that an extension of time was warranted under Fed. R. App. P. 4(a)(5)(A).  *Id.*  The Court also concluded that Grandinetti was not entitled to reopening the time to appeal under Fed. R. App. P. 4(a)(6).  *Id.*  The Court denied, therefore, Grandinetti's Extension Motion.

## II.  DISCUSSION

### A.  Motion to Reconsider

Grandinetti moves the Court to reconsider its October 2, 2020 order denying his Extension Motion.  ECF No. 9.  Rule 60(b) of the Federal Rules of Civil Procedure "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (some internal quotation marks and citation omitted).  Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, Civ. No. 16-00470 DKW/KJM, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

Grandinetti does not challenge the reasoning supporting the Court's October 2, 2020 order denying his Extension Motion.  Instead, he argues that "the 60-day rule for NOA may be applicable."  ECF No. 9 at 1.  That argument is unpersuasive.

While Rule 4(a)(1)(A) states that a notice of appeal in a civil case generally must be filed within thirty days after entry of judgment, Rule 4(a)(1)(B) provides that any party may file a notice of appeal within sixty days after entry of judgment if one of the parties is: (1) the United States; (2) a United States agency; (3) a United States officer or employee sued in an official capacity; or (4) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf. Fed. R. App. P. 4(a)(1)(B). Rule 4(a)(1)(B) does not apply here, however, because the United States, a United States agency, or a United States officer or employee is not a party to this action. Grandinetti does not contend otherwise. Grandinetti's Motion to Reconsider is therefore DENIED.

**B.    Motion Seeking Unspecified Relief**

To the extent Grandinetti filed a separate Motion seeking unspecified relief, ECF No. 7, Grandinetti fails to provide the basis for the Unspecified Motion or explain how it relates to this matter. The Unspecified Motion is therefore DENIED.

//
//
//
//
//

## III.  CONCLUSION

For the foregoing reasons, Grandinetti's Motion to Reconsider, ECF No. 9, and his Unspecified Motion, ECF No. 7, are DENIED.  This suit remains CLOSED.  The Court will take no further action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, November 4, 2020.



Jill A. Otake
United States District Judge

*Grandinetti v. Institutional Grievance Officers DPS-HI, et al.*, Civil No. 20-00332 JAO-KJM; ORDER DENYING MOTION FOR RECONSIDERATION AND UNSPECIFIED MOTION